FILED

2009 Jun-17  PM 02:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| WJ&F BUILDERS; WILLIAM JONES, JR., Individually | ] | |
| | ] | |
| | ] | |
| Plaintiffs, | ] | |
| | ] | 7:09-CV-00424-LSC |
| vs. | ] | |
| | ] | |
| EDDIE DEAR, II; THE DEAR GROUP; NORTHLAND INSURANCE; SHELTER MUTUAL INSURANCE COMPANY; CHARLIE MITCHELL JONES; EMMA JEAN JONES, | ] | |
| | ] | |
| | ] | |
| | ] | |
| | ] | |
| | ] | |
| | ] | |
| Defendants. | ] | |
| | ] | |

MEMORANDUM OF OPINION

I.    Introduction.

Plaintiff William Jones, Jr., ("William Jones" or "Plaintiffs"), a resident of Mississippi, and WJ&F Builders ("Builders" or "Plaintiffs"), a sole proprietorship owned by William Jones, filed suit against Defendants in the Circuit Court of Greene County, Alabama on November 14, 2008. Defendants removed this action to this Court on February 19, 2009, averring federal jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

Defendants claim that Eddie Dear, II ("Dear" or "Dear Defendants"), a Mississippi resident, the Dear Group ("Dear Group" or "Dear Defendants"), a Mississippi corporation, and Charlie Mitchell Jones and Emma Jean Jones, Alabama residents who did not consent to removal, were fraudulently joined to this matter in order to defeat diversity.

On March 18, 2009, the Dear Defendants filed a motion to dismiss, claiming that there is no *in personam* jurisdiction over them in Alabama. (Doc. 7.)  On March 23, 2009, Builders filed a motion to remand arguing that the Dear Defendants were properly joined and that this case should be remanded to the Circuit Court of Greene County, Alabama.  (Doc. 8.)  The following day, Charlie Mitchell Jones and Emma Jean Jones also filed a motion to remand claiming that they did not consent to removal.  (Doc. 9.)  The issues raised in these motions have been fully briefed.  Upon due consideration this Court finds that the Dear Defendants were not fraudulently joined, and this case is due to be remanded.[1]

---

1.  As the Court has determined that the Dear Defendants were not fraudulently joined, the motion to remand by Charlie Mitchell Jones and Emma Jean Jones is MOOT.

II.     Background.[2]

According to the complaint, in April 2005, Charlie Mitchell Jones and Emma Jean Jones entered into a contract with Builders and William Jones to construct a house located in Eutaw, Alabama.  The parties agreed that Builders would maintain liability insurance on the project.  William Jones alleges that he contacted Dear to secure that insurance and that Dear agreed to secure such insurance on the property in Alabama.  Soon after, a policy was issued by Northland Insurance Company ("Northland").  As construction was being completed, Charlie Mitchell Jones and Emma Jean Jones began to make complaints about the quality of workmanship performed by Builders.  William Jones then purchased additional insurance from Shelter General Insurance Company ("Shelter") in order to complete the project.  When the house was complete, however, Charlie Mitchell Jones and Emma Jean Jones found the final product to be unacceptable, and filed suit in state court for a number of claims regarding the construction of the home.

_____

2.  The facts recited in this opinion are, unless otherwise indicated, taken from the allegations contained in Plaintiff's complaint.

Initially, Northland provided a defense for Builders and William Jones, but on August 17, 2007, it withdrew that defense and any indemnity for either party.  On April 10, 2008, a trial was held in the Circuit Court of Greene County, Alabama, resulting in a recovery of one million five hundred thousand dollars ($1,500,000) for Charlie Mitchell Jones and Emma Jean Jones.  As a result of that verdict, Plaintiffs filed suit in the Circuit Court of Greene County, Alabama, alleging that Shelter and Northland failed to provide a defense in the original suit, that they refused to pay a claim in bad faith, and that they breached the terms of their contract.  In addition, Plantiffs allege that the Dear Defendants failed to procure insurance on the property, made false representations regarding the status of Plaintiffs' insurance policies, and intentionally suppressed facts regarding that coverage.  Finally, Plaintiffs claim that the initial judgment against them was a mistake and that they should be relieved of that judgment entered against them.

III.  Analysis.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian*

*Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994).  For removal to be proper, the court must have subject-matter jurisdiction in the case.  "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  In addition, the removal statute must be strictly construed against removal, and any doubts should be resolved in favor of remand.  *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  The removing party bears the burden of establishing subject-matter jurisdiction.  *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921) (stating that the defendant bears the burden of proving subject-matter jurisdiction in removed actions).

Before this Court can exercise diversity jurisdiction, complete diversity of citizenship must exist.  "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).  Plaintiffs in this matter are residents of Mississippi as are the Dear Defendants.  At first glance then, diversity jurisdiction would appear to be lacking.  The removing parties argue, however, that the Dear Defendants have been fraudulently

joined to this action.

This Court is free to disregard the citizenship of any defendant it determines has been fraudulently joined. *Triggs*, 154 F.3d at 1287 (11th Cir. 1998). In *Triggs*, the Eleventh Circuit Court of Appeals described three situations when a defendant can be considered to have been fraudulently joined:

> Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity. Joinder has been deemed fraudulent in two situations. The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant. *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983), superceded by statute on other grounds as stated in *Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993). The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts. *Coker,* 709 F.2d at 1440. In *Tapscott*, 77 F.3d at 1355 (11th Cir. 1996), a third situation of fraudulent joinder was identified—i.e., where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant.

*Id.*

However, the burden on the removing party to prove fraudulent joinder is a "heavy one." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir.

1997); *see also, De Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). In assessing a fraudulent joinder objection, "the district court must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in the plaintiff's favor." *De Perez,* 139 F.3d at 1380. The "determination of whether a resident has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, *supplemented by any affidavits and deposition transcripts submitted by the parties.*" *Legg v. Wyeth*, 428 F.3d 1317, 1322 (11th Cir. 2005) (emphasis in original) (quoting *De Perez*, 139 F.3d at 1380). "The proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b)." *Id*. at 1322-23 (internal citations omitted).

Even though factual considerations are resolved in favor of the plaintiff, "there must be some question of fact before the district court can resolve that fact in the plaintiff's favor." *Id*. at 1323. In other words, if the Defendant offers sworn statements supporting the allegation of fraudulent joinder, the Plaintiff must present evidence to dispute the assertions in the affidavits or other evidence. *Id*. When evidence submitted by the

Defendant is undisputed, "the court cannot then resolve the facts in the Plaintiffs' favor based solely on the unsupported allegations in the Plaintiffs' complaint." *Id.* The Court simply cannot, "*in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts.*" *Id.* (quoting *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 393-94 (5th Cir. 2000) (emphasis in original)(internal citations omitted)).

In addition to factual considerations, the Plaintiff must state a valid claim. However, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Triggs*, 154 F.3d at 1287 (internal citations omitted). When assessing possibility, the Eleventh Circuit colorfully stated, "In considering *possible* state law claims, possible must mean more than such a possibility that a designated residence can be hit by a meteor tonight. That is possible. Surely, as in other instances, reason and common sense have some role." *Legg*, 428 F.3d at 1325 n.5 (internal citations omitted). In other words, a plaintiff must show that the potential for legal liability is "reasonable" and "not merely theoretical." *Id.* (citing

*Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 1992)).

As a basis for maintaining that Dear was fraudulently joined, Defendants rely on the ground that there is no reasonable possibility that Plaintiffs can establish a claim or cause of action as the Dear Defendants do not have sufficient minimum contacts with the forum and have not "purposely availed" themselves of the benefit of conducting activities in Alabama such that they should have reasonably anticipated being haled into court in this state.  In support of this contention, Defendants have included an affidavit from Dear stating that the Dear Group has no insurance obligations in Alabama, has never owned property or done business in Alabama, and has never had any clients that were citizens of Alabama. (Doc. 1, Ex. E, ¶¶ 3-11.)  As Defendants have offered affidavits to support their position, it is incumbant upon Plaintiffs to offer "evidence to dispute this sworn statment."  *Legg*, 428 F.3d at 1323.  William Jones did so, submitting an affidavit stating, "I made it perfectly clear to Mr. Dear that I needed general liability insurance and whatever coverage necessary to protect me, my company and the mortgage bank, New South Federal Savings

Bank in Birmingham, Alabama, to construct/repair Charles Mitchell Jones' and Emma Jean Jones' home in Eutaw Alabama." (Doc. 8-2.)  William Jones further stated that he "made it absolutely clear to Mr. Dear that this insured project was to being done [sic] in Eutaw, Alabama and he acknowledged on more than one occasion that he understood that."  *Id.*  Moreover, William Jones produced a Certification of Liability Insurance containing the proported signature of Eddie Dear.  (Doc. 8-2.)  This document listed the holder of the insurance certificate as New South Federal Savings Bank in Birmingham, Alabama.

In response to this evidentiary submission, Shelter filed a motion to strike.  (Doc. 14.)  Primarily, Shelter relies on *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007) for the premise that this Court should only consider "the limited universe of evidence available when the motion to remand is filed, *i.e.* the notice of removal and accompanying documents."  *Id.* at 1213-14.[3]  For several reasons, Shelter's interpretation of *Lowery* is unavailing.

---

3.  Shelter also makes the argument that the Court should disregard the affidavits because they are procedurally inadequate in various ways.  The Court does not find these arguments particularly persuasive, and, in any event, any defects were cured by William Jones's supplemental affidavit.  *See* Doc. 19, Ex. A.

First, the facts of *Lowery* can easily be distinguished from those in the matter at hand.  In *Lowery*, the defendant removed the action to federal court and then faced a motion to remand on the basis that it had failed to prove the jurisdictional amount necessary for diversity jurisdiction.  *Lowery*, 483 F.3d at 1189.  The defendant then requested that it be allowed to conduct limited discovery in order to prove that the value of the action was more than $75,000.  The court found this type of discovery impermissable.  The court found, "Post-removal discovery for the purpose of establishing jurisdiction in diversity cases cannot be squared with the delicate balance struck by Federal Rules of Civil Procedure 8(a) and 11 and the policy and assumptions that flow from and underlie them."  *Id.* at 1215.  The Court continued by stating, "The defendants' request for discovery is tantamount to an admission that the defendants do not have a factual basis for believing that jurisdiction exists. The natural consequence of such an admission is remand to state court."  *Id.* at 1217-18.

Obviously the facts of this case are readily distinguishable from *Lowery*.  In the instant matter, the Plaintiffs do not seek to admit evidence in order to establish jurisdiction; they are attempting merely to rebut the

affidavits included in the Defendants' motion to remand.  To not permit such a rebuttal would create a curious catch-22.  *Legg* requires a plaintiff faced with affidavits supporting removal to provide evidence rebutting those affidavits or have his motion to remand fail.  Defendants' interpretation of *Lowery* would prevent him from providing any rebutal evidence if it wasn't already contained in the removal documents.  This would lead to two equally untenable results.  Either every plaintiff would be forced to include evidence in his initial complaint designed to rebut all possible grounds for removal, an outcome inconsistent with notice pleading, or any non-diverse defendant could win automatic dismissal simply by filing a notice of removal and attaching an affidavit.  Clearly, *Legg* and *Lowery* do not combine to allow defendants to exploit removal in this manner.

Interestingly, *Lowery* does play a role in this matter.  The Dear Group has requested "limited post-removal jurisdiction-related discovery" for the purposes of establishing that Alabama courts lack personal jurisdiction over Dear or the Dear Group.  This is the very type of discovery that *Lowery* forbids.  As the court advised, "[a] district court should not insert itself into the fray by granting leave for the defendant to conduct discovery or by

engaging in its own discovery.   Doing so impermissibly lightens the defendant's burden of establishing jurisdiction. A court should not participate in a one-sided subversion of the rules. The proper course is remand." *Lowery*, 483 F.3d at 1218.

The evidence and affidavits provided by Plaintiffs have more than established a possibility that they may prove the allegation in their complaint as well as the requirements of demonstrating personal jurisdiction.  As Defendants have failed to meet the heavy burden necessary to show fraudulent joinder, this matter is due to be remanded.

IV. Conclusion.

For the reasons herein stated, this Court grants Plaintiffs' motion. This matter will be remanded to the Circuit Court of Greene County, Alabama from whence it came.   A separate order consistent with this Opinion is issued herewith.

Done this <u>17th</u> day of <u>June 2009</u>.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

153671